J-S37009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL DAVID BRAMHALL | |
| Appellant | No. 1383 MDA 2013 |

Appeal from the Judgment of Sentence January 15, 2013
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49-CR-0001531-2011

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 21, 2014**

Michael David Bramhall appeals from the judgment of sentence imposed by the Court of Common Pleas of Northumberland County, after a jury convicted him of simple assault[1] and aggravated assault.[2]  Upon review, we affirm.

On November 16, 2011, at approximately 6:50 p.m., several officers from the Northumberland County Probation Office arrived at Bramhall's house looking for his daughter, Maryann.  An arrest warrant was issued for

---

[1] 18 Pa.C.S. § 2701(a)(3).  Following the imposition of sentence, the trial court granted the Commonwealth's motion requesting this charge to be *nolle prossed* on February 14, 2013.

[2] 18 Pa.C.S. § 2702(a)(6).

Maryann after she absconded from supervision.[3]  When the probation officers ("P.O.s") arrived at Bramhall's residence, they asked if Maryann was inside, to which Bramhall replied "no."  Bramhall asked the P.O.s to meet him at the back door because his front door was inoperable.  At the back door, Probation Officer Dan Shoop explained to Bramhall that Maryann had absconded from supervision and they wanted to speak with him about her whereabouts.  Without opening the door, Bramhall told the P.O.s that they should come back with a warrant.

Upon their return, the P.O.s explained to Bramhall that they just wanted to speak about Maryann.  At trial, P.O. Shoop testified that Bramhall invited them in; however, Bramhall maintains that he never let the P.O.s inside.  Officer Shoop also testified that when he opened the back door, he saw that Bramhall was holding a shotgun.  The P.O.s instinctively drew their weapons, resulting in Bramhall becoming agitated.  Bramhall then began thumping his gun on the floor while saying "[C]ross the line.  See what happens.  Cross this line."  N.T. Trial, 10/25/12, at 44.  Feeling fearful, the P.O.s backed their way out of the residence.  *Id.* at 45, 150.

Approximately ten minutes later, Bramhall received a call from 911, asking him to step outside and speak with the Coal Township Police Officers

_____

[3] As a condition of her probation, Maryann was prohibited from contacting her father; however, the probation officers had exhausted their avenues of inquiry with all other relations and felt it necessary to follow up with Bramhall as next of kin.

who had arrived on the scene. Bramhall acquiesced and exited the house with his hands above his head. The police officers placed Bramhall in handcuffs while the P.O.s executed a search of the residence in order to determine whether anyone was inside the house, if there were more weapons, and secure the house. The police officers released Bramhall approximately twenty minutes later.

A criminal complaint was filed against Bramhall on November 16, 2011. On October 25, 2012, a jury trial took place, with a guilty verdict rendered that same day. The court imposed a sentence of three to eighteen months' imprisonment on January 14, 2013. On February 25, 2013, Bramhall filed post-sentence motions, which were denied by operation of law on June 26, 2013. This timely appeal followed.

On appeal, Bramhall presents the following issues for our review:

1. Whether the court erred when it granted the Commonwealth's motion *in limine* permitting the Commonwealth to present evidence of bad acts that did not demonstrate a common plan or scheme on the part of [Bramhall].

2. Whether the court erred when it denied [Bramhall] the opportunity to present his defense pursuant to the Second Amendment right to possess a firearm inside his household.

3. In consideration of the multitude of inconsistencies in the Commonwealth's testimony, whether the court erred when it denied [Bramhall's] demurrer at the conclusion of the Commonwealth's evidence.

4. Whether the court erred when it denied [Bramhall's] motion for judgment of acquittal following the jury's verdict.

5. Whether the court erred when it failed to grant [Bramhall's] motion for arrest of judgment at sentencing in consideration

of the numerous inconsistencies in the Commonwealth's testimony.

Brief of Appellant, at 3.

In his first issue, Bramhall argues that the trial court erred when it granted the portion of the Commonwealth's motion *in limine* requesting admission into evidence of a letter that Bramhall had written to public officials about certain officers in the Northumberland County Adult Probation Department and the department in general. The letter alleged that on two occasions, Northumberland County Probation officers broke into his daughter's apartment and beat her before arresting her. In his letter, Bramhall compared the Northumberland County Probation Department to Hitler's *gestapo* and included a direct threat of physical violence to one P.O. in particular. Bramhall believes the trial court improperly admitted this evidence of a prior bad act because the subject matter of the letter was unrelated to what occurred on the night in question.

> The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that the trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevant and probative value of the evidence against the prejudicial impact of that evidence.

***Commonwealth v. Weakley***, 972 A.2d 1182, 1188 (Pa. Super. 2009).

Regarding the admission of evidence of prior bad acts of a defendant, the Pennsylvania Rules of Evidence provide:

> (b) Crimes, Wrongs or Other Acts.
>
> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show

- 4 -

that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2). This list is not exhaustive. Pa.R.E. 404(b)(2) cmt. For instance, our Supreme Court has recognized a *res gestae* exception to Rule 404(b), "which allows admission of other crimes evidence when relevant to furnish the context or complete story of the events surrounding a crime." **Commonwealth v. Dillon**, 925 A.2d 131, 137 (Pa. 2007).

After extensive argument on the issue prior to trial, the court determined that the probative value of the letters outweighed any potential prejudicial effect, and admitted the letters into evidence for establishing state of mind of *both* parties on the night in question. N.T. Trial, 10/25/12, at 1-16 (emphasis added). Because the trial court properly applied the law regarding admission of evidence of prior bad acts, **see** Pa.R.E. 404(b)(2), we find no abuse of discretion.

In his second issue, Bramhall argues that the trial court erred when it denied him the opportunity to raise a defense based upon the Second Amendment. Bramhall is mistaken and the record belies his argument. As the trial court explained,

The Commonwealth's motion *in limine* . . . contained a second portion, in which the Commonwealth sought to prevent [Bramhall] from raising the Second Amendment in front of the

- 5 -

> jury. The [c]ourt denied this portion of the motion deliberately leaving [Bramhall] free to pursue this defense if he wished to do so. **See** N.T. Trial, 10/25/12, at [11].

Trial Court Opinion, 1/6/14, at 2. Bramhall then proceeded to make specific reference to the Second Amendment during his opening statement without objection from the Commonwealth or interference from the bench. N.T. Trial, 10/25/12, at 227-28. As the record reflects, the trial court did not deny Bramhall the opportunity to present a Second Amendment defense.[4]

Bramhall's three remaining claims all raise the same issue **See** Pa.R.Crim.P. 606(A)(1), (4), and (5) (allowing motions for judgment of acquittal at close of the Commonwealth's case, after jury renders its verdict, and at sentencing).[5] Therefore, we will address them as a single challenge to the sufficiency of the evidence supporting Bramahall's conviction for aggravated assault.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the

_____

[4] Bramhall ultimately failed to make any meaningful attempt at a Second Amendment argument or defense. Therefore, when Bramhall requested a specific jury instruction on justification, the trial court denied it, noting that the facts presented during trial did not suggest that such an instruction would be appropriate. N.T. Trial, 10/25/12, at 304.

[5] We note that the terms "demurrer" and "motion in arrest of judgment" were discarded in 1993 in favor of the standardized term "motion for judgment of acquittal." Pa.R.Crim.P. 606 cmt. Further, inadvertent use of "demurrer" does not affect an otherwise valid sufficiency challenge, and a defendant does not waive a sufficiency challenge by putting on his own evidence. Pa.R.Crim.P. 606(B).

crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Brown*, 23 A.3d 544, 559-60 (Pa. Super. 2011) (en banc), quoting *Commonwealth v. Hutchinson*, 947 A.2d 800, 805-06 (Pa. Super. 2008).

A person is guilty of aggravated assault if he "attempts by physical menace to put any of the officers, agents, employees . . . while in the performance of duty, in fear of imminent serious bodily injury." 18 Pa.C.S. § 2702(a)(6).

Here, the trial court determined that the evidence was sufficient to reasonably support a finding of guilt by the jury. Trial Court Opinion, 1/6/14, at 4. After reviewing all of the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, we agree that the evidence was sufficient to enable the jury to find each element of aggravated assault beyond a reasonable doubt. When Bramhall thumped his gun on the floor and dared the P.O.'s to "cross the line," he physically

menaced the officers and placed them in fear of imminent serious bodily injury. Accordingly, the trial court properly denied Bramhall's motion for judgment of acquittal.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2014